On Rehearing.
HoweiiI/, J.
After further examination of the argument and authorities presented by plaintiff’s counsel, on the application for a rehearing, and in his original brief, we are not convinced that we erred in our conclusion in this case. The statute relied on is, in this connection, treating of the expenses of criminal prosecutions, and it requires such expenses to be paid by the various local authorities; directs that the fines and forfeitures collected for violations of the criminal laws of the State, shall be paid into the several local treasuries, instead of the State treasury as previously, to contribute, as we understand, towards said expenses, and allows to the District Attorneys throughout the State, as among those expenses, one-fifth of the sums so collected, first deducting therefrom the per cent-age allowed by law to the sheriff for collecting and paying over the same. This, in our opinion, refers to fines and forfeitures growing out of violations of the criminal laws of the State, and in the imposing and collecting of which the services of the District Attorneys and sheriffs are required. In this case, it is not pretended that the District Attorney or sheriff had any part in the proceedings, by which the fines in question were imposed, collected and paid into the city treasury.
All compensation is allowed by law to public officers for services required of them, as duties of the offices which they fill. When no services are required by the. law, it does not allow compensation. In this case, the law did not require plaintiff to render, nor did he, in point of fact, render any services to the State or city for the sum of $17,933 91, which he is demanding of the city; and we are still of the opinion that the law invoked does not entitle him, under the facts, to one-fifth of the particular fines imposed by the Recorders, which he claims.
It is therefore ordered that the judgment heretofore rendered by us in this cause rernain undisturbed.